UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6| | 07  ᴅs
```

ALBERT KELLY, et al.,

:
:
                            Plaintiffs,          :
                                                 :
            - against -                          :
                                                 :
THE CITY OF NEW YORK, et al.,                    :
                                                 :
                            Defendants.          :
                                                 :

REPORT AND
RECOMMENDATION

01 Civ. 8906 (LMM) (RLE)

To the HONORABLE LAWRENCE M. MCKENNA, U.S.D.J.:

## I. INTRODUCTION

Plaintiffs, Albert Kelly, Michael Flynn, Ajama Jabari Bey, Wayne Bollin Bey, Ntchwaidumela Bey, and Zaimah El, brought suit against defendants, the City of New York, the New York City Department of Corrections, Michael Caruso, and Bernard B. Kerik (collectively, "defendants"), alleging various violations of their constitutional rights. On September 6, 2005, United States District Judge Thomas P. Greisa granted defendants' motion for summary judgment. Ajami Jabari Bey and Ntchwaidumela Bey (collectively, "plaintiffs")[1] filed a timely notice of appeal and, on December 19, 2006, the Second Circuit vacated the district court's grant of summary judgment and reinstated plaintiffs' equal protection and First Amendment freedom of association claims. On February 22, 2007, this case was consolidated with **Bey v. City of New York**, 99 CV 3873, for all pretrial purposes, and reassigned to United States District Judge Lawrence M. McKenna. On May 23, Judge McKenna referred this case to the undersigned for purposes of general pretrial. On March 14, plaintiffs moved to amend the complaint pursuant to

---

[1] As the only two plaintiffs who appealed the district court's rulings, Ajami Jabari Bey and Ntchwaidumela Bey are the only remaining plaintiffs in this action. Therefore, the use of the term plaintiffs in this opinion will refer to these two persons.

Rule 15 of the Federal Rules of Civil Procedure. Defendants oppose the motion to amend. For the following reasons, I recommend that plaintiffs' motion be **DENIED, in part,** and **GRANTED, in part**.

## II. BACKGROUND

On October 4, 2001, plaintiffs filed suit against defendants, alleging violations of their constitutional rights, including their right to due process and equal protection. Plaintiff's Memorandum in Support of Motion to Amend Complaint and Motion to Substitute Party ("Pl. Mem."), at 1. Plaintiffs claim that it was not until February 5, 2004, that they learned that Michael Caruso, former Inspector General for the New York City Department of Corrections, targeted them for "summary suspension, modified duty placement and discharge" based on their affiliation with the Moorish National group.[2] **Id**. at 2. Plaintiffs assert that this information had been concealed from them prior to this time. **Id**. Plaintiffs claim that they did not move to amend the complaint at the time they learned this information because summary judgment was granted. Declaration of Irene Donna Thomas in Support of Motion for Leave to File Amended Pleading ("Pl. Decl.") ¶ 11. In their motion, plaintiffs move to amend their complaint to include facts and causes of action based upon the information they learned about Caruso. **Id**. Defendants object on the grounds that 1) plaintiffs are attempting to add a due process claim, which was previously dismissed by the court and affirmed by the Second Circuit; 2) the proposed amendments are neither timely nor in good faith; and 3) plaintiffs' attempt to plead new facts

---

[2]The Court is unclear about when plaintiffs are asserting they learned the information. In their memorandum of law in support of this motion, plaintiffs state that they "officially learned for the first time" of the information on February 5, 2004. Pl. Mem. at 2. However, in the declaration of Irene Thomas submitted in support of this motion, a different chronology of events is recounted and the assertion made that plaintiffs did not learn of the information until late April 2004. Pl. Decl. ¶ 10. The Court does not find this difference of two months determinative, and,therefore, will rely on the mid-February date.

violates the Federal Rules of Civil Procedure.  Defendants' Memorandum of Law Opposing

Plaintiff's Motions for Leave to File Amended Complaints ("Def. Mem."), at ii, viii.

## III. DISCUSSION

### A.  Standard of Review

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a

matter of right before a responsive pleading is served or within twenty days after the pleading is

served.  FED. R. CIV. P. 15(a).  A party may also amend its pleading with written consent from

the opposing party or by filing a motion for leave to amend with the Court.  **Id**.  Rule 15(a)

specifies that leave to amend shall be freely given when justice so requires.  Since this rule is

interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir.

1995), an amendment is normally permitted, and the refusal to grant leave without justification is

"inconsistent with the spirit of the Federal Rules."  **Foman v. Davis**, 371 U.S. 178, 182 (1962).

It remains, however, within the discretion of the Court whether to allow amendment.  **Id**.; **John**

**Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994).  An

amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for

instance, may be denied because of prejudice to the defendant.  **Finlay v. Simonovich**, 1997 WL

746460, at *1 (S.D.N.Y. Dec. 2, 1997).

### B.  Motion to Amend to Add Due Process Claim

In their proposed second amended complaint, plaintiffs add a new cause of action for

violation of due process of law.  Plaintiffs' Reply Memorandum of Law in Support of Amending

Complaints and "Substituting" Party ("Pl. Rep."), at 7.  Defendants argue that plaintiffs are

attempting to assert a claim that was dismissed by United States District Judge Allen G.

3

Schwartz.[3]  Def. Mem. at viii.  They assert that Judge Schwartz's ruling was affirmed by the

Second Circuit, and, therefore, the "law of the case" doctrine bars plaintiffs from reasserting the

same claim.  **Id**.  Plaintiffs argue that the doctrine is discretionary and that it need not be applied

when no prejudice will result.  Pl. Rep. at 6.  In addition, plaintiffs claim that the availability of

new evidence supports raising the issue again, and that manifest injustice will result if they are

denied the opportunity to litigate the due process claim.  **Id**. at 6, 8.  The "law of the case"

doctrine stands for the proposition that "a court should not reopen issues decided in earlier stages

of the same litigation."  **Agostini v. Felton**, 521 U.S. 203, 236 (1997) (*citing* **Messenger v.**

**Anderson**, 225 U.S. 436, 444 (1912)).  The doctrine will not, however, apply when a "court is

'convinced that [its prior decision] is clearly erroneous and would work a manifest injustice.'"

**Id**. (*quoting* **Arizona v. California**, 460 U.S. 605, 618, n. 8 (1983)).  Plaintiffs' due process

claims were dismissed on the ground that they had been afforded an Article 78 proceeding in

which to contest their terminations, which circuit precedent held to be an adequate post-

termination remedy such that there was no due process violation.  Evidence of defendants'

security concerns does not affect whether plaintiffs had a sufficient post-termination remedy.

This decision is not clearly erroneous, nor does the new evidence presented by plaintiffs make

the decision manifestly unjust.  Therefore, plaintiffs' motion to amend to add a due process claim

should be **DENIED**.

## D.  Motion to Amend to Add Additional Facts and Causes of Action

In support of their motion to amend the complaint to add additional facts and causes of

---

[3]This case was initially assigned to Judge Schwartz and, on April 2, 2002, defendants moved for summary judgment on seven of plaintiffs' claims.  On July 9, Judge Schwartz granted this motion and dismissed the seven claims, including one for violation of due process.

action relating to the information learned about Caruso, plaintiffs argue that there has been no bad faith or undue delay because the delay was the result of defendants' concealment of information. Pl. Rep. at 6. In addition, they assert that the causes of action arise out of the same transaction as in the original pleading, and that defendants are not claiming any potential prejudice. **Id**. Defendants argue that these proposed amendments are untimely and outside the scope of the remand. Def. Mem. at vii. They assert that plaintiffs have not explained why they did not raise the freedom of speech claim earlier in the litigation. **Id**. However, mere delay, absent a showing of undue prejudice or bad faith, is insufficient to deny the right to amend a pleading. **State Teachers Retirement Bd. v. Fluor Corp.**, 654 F.2d 843, 856 (2d Cir. 1981). Defendants also argue that this proposed amendment "violates the federal pleading rules" because it merely adds additional facts to bolster the claims asserted. Def. Mem. at viii. In making this argument, defendants rely on **Highland Capital Management v. Schneider**, 2004 WL 2029406 (S.D.N.Y. Sep. 9, 2004). However, in **Highland**, the plaintiff was attempting to amend the complaint to include the "opinions of its proposed expert," **id**. at *4, not factual allegations supporting the claims. Because "leave to amend should be freely given," and there is no undue delay, bad faith or prejudice, to the extent that plaintiffs' motion to amend to add additional facts and causes of action, it should be **GRANTED**.

## IV. CONCLUSION

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Lawrence

M. McKenna, 500 Pearl Street, Room 1640, and to the chambers of the undersigned, Room

1970.  Failure to file timely objections shall constitute a waiver of those objections both in the

District Court and on later appeal to the United States Court of Appeals.  *See* **Thomas v. Arn**,

474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16

(2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a),

6(e).

**DATED: June 1, 2007**
**New York, New York**



                                        **Respectfully Submitted,**



                                        **The Honorable Ronald L. Ellis**
                                        **United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

**Plaintiff**
Irene Donna Thomas
Thomas & Associates
977 St. John's Place
Brooklyn, NY 11213

**Defendant**
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

6