**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALBERT KELLY, et al., | |
| | |
| Plaintiffs, | |
| | **OPINION & ORDER** |
| - against - | |
| | **01 Civ. 8906 (LMM) (RLE)** |
| THE CITY OF NEW YORK, et al., | |
| | |
| Defendants. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Plaintiffs, Albert Kelly, Michael Flynn, Ajama Jabari Bey, Wayne Bollin Bey, Ntchwaidumela Bey, and Zaimah El, brought suit against defendants, the City of New York, the New York City Department of Corrections, Michael Caruso, and Bernard B. Kerik (collectively, "defendants"), alleging various violations of their constitutional rights.  On September 6, 2005, United States District Judge Thomas P. Greisa granted defendants' motion for summary judgment.  Ajami Jabari Bey and Ntchwaidumela Bey (collectively, "plaintiffs")[1] filed a timely notice of appeal and, on December 19, 2006, the Second Circuit vacated the district court's grant of summary judgment and reinstated plaintiffs' equal protection and First Amendment freedom of association claims.  On February 22, 2007, this case was consolidated with **Bey v. City of New York**, 99 CV 3873, for all pretrial purposes, and reassigned to United States District Judge Lawrence M. McKenna.  On May 23, Judge McKenna referred this case to the undersigned for general pretrial.  On June 5, plaintiffs moved, pursuant to Rule 27(a)(2) of the Federal Rules of

----

[1]As the only two plaintiffs who appealed the district court's rulings, Ajami Jabari Bey and Ntchwaidumela Bey are the only remaining plaintiffs in this action.  Therefore, the use of the term plaintiffs in this opinion will refer to these two persons.

Civil Procedure, for an order compelling the production of discovery and imposing the cost of

production as a sanction.  For the following reasons, plaintiffs' motion is **GRANTED**.

## II.  BACKGROUND

Plaintiffs filed this action on October 4, 2001.  Prior to its consolidation with **Bey v. City**

**of New York**, 99 CV 3873, for all pretrial purposes, the Honorable Debra C. Freeman was the

designated Magistrate Judge in this case.  On October 28, 2002, plaintiffs moved to compel

production of the investigative file for certain Department of Corrections Employees.

Declaration of Irene Donna Thomas in Support of Plaintiffs' Motion to Compel Discovery of

Investigative File, June 4, 2007 ("Thomas Decl."), ¶ 5.  On February 19, 2003, Judge Freeman

held a telephone conference with the parties to discuss the motion and, on March 7, Judge

Freeman issued an order requiring defendants to produce the file on a rolling basis.  **Id**. ¶¶ 6-7.

Production was to be complete by April 4, 2003.  **Id**. ¶ 7.  While defendants did not produce the

discovery by the date ordered, it appears, based on the record, that the parties arranged for

plaintiffs to inspect and copy the documents at defendants' offices.  **Id**. ¶¶ 8-10.  Production in

this manner occurred on several dates in April, but, after District Judge Thomas P. Greisa closed

discovery on May 23, defendants terminated plaintiffs' access to the files.  Defendants'

Memorandum of Law in Opposition to Plaintiffs' Motion to Compel ("Def. Opp'n"), at 2.

After Judge Greisa's grant of summary judgment in favor of defendants was reversed on

December 19, 2006, plaintiffs wrote to the court on January 8, 2007 asking for additional

discovery, specifically noting the investigative file.  Thomas Decl. ¶¶16-17, Exh. 9.  When the

cases were consolidated for discovery purposes, Judge McKenna set a discovery schedule.  **Id**. ¶¶

18-19.  Plaintiffs claim that they then served defendants with a request for production specifically

2

requesting the investigative file, which defendants objected to as being overbroad, vague and ambiguous and referenced their previous Responses and Objections dated October 7, 2002. **Id**. ¶ 20.  On May 2, plaintiffs' counsel raised the issue with defense counsel, who said that defendants "needed to review the voluminous files . . . to determine what materials had already been provided during the earlier production of the investigative file."  Def. Opp'n at 3.  Opposing counsel spoke again on May 15, and defense counsel again stated that "defendants needed to further review the materials and contact the former Assistant Corporation counsel who handled discovery in these matters concerning these documents." **Id**. at 4.  On June 4, plaintiffs filed the instant motion to compel.

### III.  DISCUSSION

**A.  The Legal Standard**

Pursuant to Rule 37, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . "  FED. R. CIV. P. 37(b)(2); *see* **Dimensional Sound, Inc. v. Rutgers Univ.**, 1996 WL 11244, at *3 (S.D.N.Y. Jan. 10, 1996) ("Rule 37 sanctions are intended to ensure that a party does not benefit from its failure to comply [with discovery].").  It is well settled that the court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case. **Dimensional Sound**, 1996 WL 11244, at *3.  The rule authorizes a wide variety of sanctions, including declaring certain facts as established and preventing the offending party from introducing evidence on particular topics.  FED. R. CIV. P. 37(b)(2)(B).   The factors relevant to determining whether a party should be sanctioned under Rule 37 are "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of

lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." **Nieves v. City of New York**, 208 F.R.D. 531, 535 (S.D.N.Y.2002) (*citing* **Bambu Sales, Inc. v. Ozak Trading Inc.**, 58 F.3d 849 (2d Cir.1995)).

**B.  Failure to Produce the Investigative File**

In their opposition to plaintiffs' motion, defendants do not challenge the validity of Judge Freeman's order.  Instead, they argue that they never "refuse[d] to produce the documents which were the subject of Judge Freeman's order," and that plaintiffs failed to properly "meet-and-confer" before moving for sanctions.  As to defendants' argument that there are no grounds for a motion to compel because they never explicitly refused to produce the investigative file, this is a mischaracterization of the issue.  Plaintiffs do not need to demonstrate that "defendants are refusing to produce the investigatory file," Def. Opp'n at 4, but rather they must show that defendants failed "to obey an order to provide or permit discovery."  FED. R. CIV. P. 37(b)(2).  It is not necessary for defendants to explicitly refuse to produce documents in order to be found to have failed to permit discovery.  If a party ignores requests or engages in delaying tactics, but doesn't explicitly refuse, or even agrees, to produce discovery, sanctions pursuant to Rule 37 are still proper.  *See* **Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea**, 456 U.S. 694, 707-08 (1982) (trial court's invocation of powers under Rule 37 was "clearly appropriate" based on "continued delay and an obvious disregard of its orders" even though "petitioners repeatedly agreed to comply with the discovery orders").

Here, there is an outstanding discovery order from Judge Freeman, which was arguably stayed by Judge Griesa's decisions, but became effective once Judge McKenna reopened

discovery on February 21, 2007.  Plaintiffs' January 8 letter to the court put defendants on notice

that they would seek to enforce Judge Freeman's outstanding order, and, following the February

21 conference, plaintiffs made a formal request for defendants to produce the investigative file.

Defendants did not produce the requested documents, nor do they claim to have responded to

plaintiffs' requests until May 2.  During both the May 2 and May 15 phone calls between

opposing counsel, defendants asserted that they needed to "investigate" what had previously been

produced to plaintiffs.  However, defendants did not "produce" anything to plaintiffs during the

period of production in 2003, but instead provided access for plaintiffs to inspect and copy the

documents.  Therefore, it should be irrelevant to defendants what plaintiffs already received

because plaintiffs were the ones paying for the copies.  Even if defendants' argument was that

they needed to investigate in order to know specifically what parts of the file were left to

produce, there is no reason such investigation should have dragged on for months, particularly

since defendants do not appear to have sought plaintiffs' assistance in determining what had

already been provided for inspection and what remained.  The current discovery deadline for all

five consolidated cases is October 1, and defendants have already withheld access to the

previously ordered discovery for nearly half the allotted time for discovery.  In a case with a

multitude of plaintiffs, and allegedly thousands of pages of discovery, such delaying tactics have

the potential to seriously prejudice the plaintiffs.

       Defendants' second argument, that plaintiffs failed to satisfy the requirement under Rule

37 that parties meet and confer, is also without merit.  Defendants' assert that the requirement

was not satisfied because there was "no true exchange of ideas and opinions," but rather a

"demand" for the discovery and then a "unilateral[] move[] for sanctions."  Def. Opp'n at 5.

5

First, plaintiffs did have two conversations with defendants prior to the motion for sanctions.  By defendants' own admission, their position was that they needed to "investigate" prior to producing the discovery, and they maintained this position during the subsequent call two weeks later.  Defendants do not appear to have given plaintiffs any indication of when that investigation might be complete and production might be begun.  Under these circumstances, defendants cannot expect plaintiffs to have continued to confer.  Moreover, while plaintiffs bring their motion pursuant to 37(a)(2), sanctions are warranted under Rule 37(b)(2), which does not require parties to meet and confer prior to imposing sanctions.  Therefore, plaintiffs' motion to compel production of the investigative file is **GRANTED**.

## C.  Sanctions of Costs to Produce

Plaintiffs ask this Court to sanction defendants by requiring them to produce the requested discovery at their own expense.  Based on the record, this sanction is appropriate as it guarantees compliance with the outstanding order, ensures that defendants do not benefit from their failure to comply, and deters them from needlessly delaying production in the future. **Nieves**, 208 F.R.D. at 535 (***internal citations omitted***).  In order to facilitate efficient and thorough production, plaintiffs shall submit to defendants a list of documents previously copied. The parties shall then meet and confer within forty-eight (48) hours so that plaintiffs may identify additional documents to be copied by defendants.  Defendants shall produce the remaining documents at their own expense within twenty-one (21) days of the meeting.

## IV.  CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel production of the investigative file, as ordered by Judge Freeman on March 7, 2003, is **GRANTED**.  Plaintiffs shall submit to

defendants a list of documents that were previously copied; parties shall then meet and confer

within forty-eight (48) hours; and defendants **SHALL** produce the remaining documents at their

own expense within twenty-one (21) days of receipt of the meeting.

**SO ORDERED this 15th day of June 2007**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**