UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

ALBERT KELLY, et al., :
:
                     Plaintiffs, :
:                OPINION
      - against - :
:         01 Civ. 8906 (LMM) (RLE)
THE CITY OF NEW YORK, et al., :
:
                    Defendants. :
───────────────────────────────────────

**RONALD L. ELLIS, United States Magistrate Judge:**

### I. INTRODUCTION

Plaintiffs, Ajami Jabari Bey and Ntchwaidumela Bey (collectively, "plaintiffs"),[1] request reconsideration of this Court's Report and Recommendation dated June 1, 2007, denying, in part, plaintiffs' motion to amend the complaint. Specifically, plaintiffs ask for reconsideration of this Court's finding that the earlier decision by District Judge Allen G. Schwartz, now deceased, granting dismissal of the claim "is not clearly erroneous, nor does the new evidence presented by plaintiffs make the decision manifestly unjust." Report and Recommendation to District Judge Lawrence M. McKenna, June 1, 2007 ("Report and Recommendation"), at 3-4. For the reasons which follow, the motion is **DENIED**.

### II. STANDARD FOR RECONSIDERATION

When moving for reconsideration, a party must outline "the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Reconsideration is merited if the party can "demonstrate that the Court overlooked controlling decisions or factual

---

[1] As the only two plaintiffs who appealed the district court's earlier rulings dismissing the action, Ajami Jabari Bey and Ntchwaidumela Bey are the only remaining plaintiffs in this action.

matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp.**, 187 F.R.D. 148, 151 (S.D.N.Y. 1999).  The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 175 F.S upp. 2d 458, 461 (S.D.N.Y. 2001).  "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court."  **Id**.

### III.  DISCUSSION

Plaintiffs ask for reconsideration on two grounds.  First, they assert that, prior to the Court's ruling, they had withdrawn the motion to add a due process claim.  Letter from Irene Donna Thomas, June 4, 2007 (6/4/07 Letter), at 1.  Second, they claim that the Court's decision did not address the new allegations made in support of adding the due process claim.  **Id**.

Plaintiffs claim that their withdrawal of the motion to amend to add a due process complaint was contained in their reply memorandum filed on April 5, 2007.  **Id**. at 1.  Plaintiffs cite to the following statement as withdrawing the motion: "As a threshold matter, defendants are correct that in the proposed amended complaint . . . plaintiffs add a new cause of action for a violation of their 'due process of law.'  But, because that claim is the focus of a separate civil action (04 Civ. 1572), plaintiffs will eliminate that cause of action before filing and serving the new amended complaint."  **Id**.  Had plaintiffs formally withdrawn their motion to amend to add a due process claim, reconsideration might be appropriate.  However, the meaning of this statement in plaintiffs' reply is vague, at best, and does not constitute a proper withdrawal of a motion.  Plaintiffs never formally moved to withdraw their motion to amend, explicitly stated in communication to the Court that they wished to withdraw the motion, or filed a new proposed amended complaint reflecting the withdrawal of due process claim.  Because the Court finds that

plaintiffs did not withdraw their motion to amend to add a due process claim, a grant of reconsideration on this ground is not appropriate.

As for plaintiffs' second argument, the Court did address the new allegations made by plaintiffs in its opinion. *See* Report and Recommendation at 4. However, because plaintiffs' requested remedy would have required reversing Judge Schwarz's prior decision, the applicable standard was whether the Court was "convinced that [its prior decision was] clearly erroneous and would work a manifest injustice." **Agostini v. Felton**, 521 U.S. 203, 236 (1997) (*quoting* **Arizona v. California**, 460 U.S. 605, 618, n. 8 (1983)). This Court did not find the prior decision to be clearly erroneous, nor did it find the decision manifestly unjust in light of the new evidence presented by plaintiffs. Because plaintiffs have not demonstrated that the Court overlooked factual matters put before it on the underlying motion, reconsideration is not warranted.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' request for reconsideration is **DENIED**.

**SO ORDERED this 2nd day of July 2007**
**New York, New York**

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge

3